[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COURT'S SECOND AMENDED AND ADDITIONAL ORDERS RE: RECEIVER
After consideration of Receiver's Second Interim Report dated June 14, 1995 and Receiver's Third Interim Report dated July 13, 1995, including its motion for advice and orders, Receiver's Fourth Interim Report dated September 7, 1995, the motions to reargue and vacate the court's prior orders made by the intervenors, the defendants, the City of Chico, California, Sierra Pacific Industries, Inc., and Middleton Moulding, Inc., and the State of California Department of Toxic Substance Control (Herein collectively referred to as "Intervenors") and the memoranda of law presented by the parties, and after hearing the parties fully in open court on September 11, 1995,
IT IS HEREBY ORDERED:
(1) Should there be any conflict between the orders of this court entered February 14, 1995 and April 5, 1995 with these orders, CT Page 12137 these orders shall prevail and the prior orders with which these orders conflict are hereby vacated.
(2) This court reserves decision on the request of the Intervenors for permission to sue the Receiver, or to substitute the Receiver as a party in the pending California lawsuits against the Muscat Trustees, or to hold the Receiver liable for any orders entered against the trustees.
(3) The Receiver shall make no payment to any beneficiary of the Muscat Trusts without further order by this court.
(4) The orders contained in paragraph 16 notwithstanding, to the extent that the Muscat Trusts are presently parties in any actions in which the Muscat Trusts are seeking affirmative relief or affirmatively pursuing an appeal, the Receiver is permitted to take the minimal steps necessary to avoid dismissal of any such claims or appeals. The Receiver is ordered to make a recommendation to this court by November 15, 1995 regarding what further efforts, if any, had been taken and should be taken to pursue such claims and appeals.
(5) The Receiver is not permitted to retain the law firm of Heller, Ehrman, White and McAuliffe to represent it, unless and until it has resolved the apparent conflict of interest arising out of the potential claims against that firm raised by the Receiver.
(6) Until the conflict of interest issue is resolved, the Receiver is prohibited from paying any legal fees or expenses rendered by the firm of Heller, Ehrman, White and McAuliffe to the Muscat Trusts, and then only after prior approval of the court.
(7) The Receiver is not permitted to pay Brown Caldwell for the cost of services provided to the Muscat Trusts, relating to cleanup operations on properties located in Chico, California without further order of this court.
(8) The Receiver is not permitted to retain Brown Caldwell to provide additional cleanup services to the Receiver without permission of this court. The Receiver is not permitted to retain Dames Moore to provide its expert services regarding environmental issues without further order of this court. By November 15, 1995 the Receiver shall make further recommendation CT Page 12138 to this court regarding the retention of Brown Caldwell and Dames Moore to provide services to the Receiver.
(9) The Receiver prohibited from retaining or from the continued retention of David Greenberg, Esq. to provide legal services to it. The Receiver shall pay no fees or expenses to Mr. Greenberg without prior submission of the same to this court and pursuant to this court's further order.
(10) The Receiver's retention of the law firm of Tyler, Cooper 
Alcorn to provide legal services to it is affirmed, provided the reasonable costs of the firm's services and expenses shall be submitted to the court for approval prior to payment, and pursuant to this court's further order.
(11) The Receiver is permitted to pay itself for his reasonable time and expenses incurred provided the same shall be submitted to this court for approval prior to payment and pursuant to this court's further order. The Receiver shall also submit to the court forthwith a proposal for its fee arrangement.
(12) The former trustees of the Muscat Trusts, the defendants in this action, are ordered forthwith to turn over, through counsel, all trust documents to the Receiver.
(13) The Receiver shall file a sworn inventory of the assets of the estate by no later than December 15, 1995 subject to further order of this court.
(14) The Receiver shall set January 15, 1996 as the date for the presentation of claims against the Receivership estate, unless hereafter otherwise ordered by the court.
(15) By December 15, 1995 the Receiver shall make a recommendation to this court regarding whether the Muscat Trusts are insolvent.
(16) The first semiannual report of the Receiver required by Practice Book §§ 498 and 499 shall be due on December 15, 1995.
(17) By November 15, 1995 the Receiver shall file with the court,in camera, a proposal in detail outlining its plan of pursuing all claims against third parties including the specific basis upon which each claim is founded, legal and factual, a good faith CT Page 12139 estimate of the chances of success of each claim and the reasons therefore, a good faith estimate of the time, cost and expenses to be invested in each such claim and the possibility of settlement of such claims. The time expended by the Receiver or its counsel in preparing such proposal for the court shall not exceed 35 hours. The Receiver shall not pursue or settle any such a claim without prior approval of the court.
Dated at Stamford, Connecticut, this 18th day of October, 1995.
D'ANDREA, J.